B. F. THOMPSON V. CITY OF BROWNWOOD ET AL.

Decided January 9, 1907.

**1.—City—Ordinance—Impounding Stock—Constitution.**

The constitutional provision authorizing counties or subdivisions thereof to prohibit, by popular vote, cattle from running at large (Const., art. 16, sec. 23) does not prevent the council of an incorporated city from enacting a similar prohibition by ordinance not submitted to such vote.

**2.—Same—Impounding Fees—Exempt Property.**

Live stock exempt by law from execution may be made liable for impounding fees imposed by a city ordinance when taken running at large within the city limits.

Appeal from the County Court of Brown County. Tried below before Hon. S. C. Coffee.

The judgment appears to have been first affirmed without written opinion.

*Arch Grinnan,* for appellant.—As the ordinance of the city of Brownwood set up as a defense in defendant's answer was not submitted to the freeholders of said city and approved by them, as provided by the Constitution, it is illegal and void, and is no defense to plaintiff's right to recover in this suit. Const., art. 16, sec. 23; Armstrong v. Traylor, 87 Texas, 603; Roberson v. State, 63 S. W. Rep., 885; Holley v. State, 14 Texas Crim. App., 515.

The city ordinance of Brownwood insofar as it undertakes to subject plaintiff's exempt property to forced sale, is void. Arroyo v. State, 69 S. W. Rep., 503; Chancey v. State, 84 Texas, 536; Curtis v. Gulf, C. & S. F. Ry., 63 S. W. Rep., 149; Sherman v. Langham, 92 Texas, 18; Barber v. East Dallas, 83 Texas, 147; Williamson v. Davidson, 43 Texas, 34; Rev. Stats., art. 593; Burton v. Dupree, 46 S. W. Rep., 272; Curtis v. Gulf, C. & S. F. Ry., 63 S. W. Rep., 149; Ex parte Ogden, 66 S. W. Rep., 1100; Ex parte Powell, 66 S. W. Rep., 298.

*W. J. Scott* and *Williamson & Lee,* for appellee.—The constitutional provision does not restrict the powers of city councils in regulating live stock. City of Waco v. Powell, 32 Texas, 258; Moore v. Crenshaw, 1 W. & W. Civ. Cas., p. 105, sec. 264; Batsell v. Blaine, 4 W. Civ. Cases, pp. 295-296, sec. 196; Coyle v. McNabb, 4 W. Civ. Cas., pp. 487-490, sec. 284.

The pound fees sought to be collected by the city of Brownwood in this case are in the nature of a fine, penalty or tax, and are, therefore, not a "debt" within the meaning of that term, as used in the statute. Ex parte Robertson, 27 Texas Crim. App., 628; 8 Am. and Eng. Ency. of Law (2d ed.), pp. 982-1002; Whiteacre v. Rector, 26 Am. Rep., 420-423; State v. Brewer, 37 Am. St. Rep., 753-758, and note.

The ordinance enacted, and sought to be enforced, by the city was the valid exercise of the police power conferred upon it by the statute. Sayles' Civ. Stats., art. 444; Coyle v. McNabb, 18 S. W. Rep., 198-199;

City of Paris v. Hale, 35 S. W. Rep., 333-335; Wilson v. Beyers, 34 Am. St. Rep., 858-862; Cochrane v. Mayor of Frostburg, 48 Am. St. Rep., 479-487; Armstrong v. Brown, Wright v. Clark, 90 Am. St. Rep., 207-211, and note.

OPINION ON REHEARING.

FISHER, CHIEF JUSTICE.—This is a suit by the appellant against the city of Brownwood and the city marshal and the sureties on his bond to recover the value of two cows impounded by the city marshal under and by virtue of an ordinance of the city of Brownwood prohibiting stock to run at large within the corporate limits.

The questions involved in this appeal were fully considered by this court in consultation, and we held in the judgment rendered that there was no error committed by the trial court, and that the judgment should be affirmed. We see no reason to change the views we then entertained. and are still of the opinion that the plaintiff was not entitled to recover for the reasons given in his assignments of errors.

It is first contended that the ordinance of the city of Brownwood, which appears to have been legally passed, is unconstitutional, for the reason that the city had no power, without a vote of the qualified voters within its limits, to pass and put into effect an ordinance prohibiting stock from running at large within the corporate limits. It is contended that that provision of the Constitution and the laws in pursuance of it which authorizes counties and subdivisions thereof, by a vote of the qualified voters, to prohibit stock from running at large, is exclusive, and that no city government has the power to pass an ordinance to accomplish the same purpose without first submitting the question to a vote of the people. It was never intended by this provision of the Constitution to limit and restrict the power of a municipal corporation in the exercise of its police authority to pass an ordinance putting in effect a valid police regulation prohibiting stock from running at large to the damage, annoyance and inconvenience of the inhabitants of the city within the corporate limits.

It is next contended that as the two cows in question were the exempt property of the plaintiff, they were not subject to the ordinance. It is provided by the ordinance that the city marshal shall impound animals found at large within the limits of the city, and as costs and compensation for the performance of such duty, he is entitled to a sum, provided for in the ordinance, which appears to be a reasonable fee. It is contended that impounded stock under this ordinance, which is exempt from forced sale, could not be held for these charges. We can not agree to this view of the question. The ordinance not only affects the owner of the stock, but is intended in its operation to bear upon the animal itself, and to make it subject to the reasonable expenses allowed by the ordinance to the marshal for impounding the animal and holding it in possession until it could be redeemed by the owner. The motion for rehearing is overruled.

*Affirmed.*

Writ of error refused.